IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL G. BEVANS, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | No. 22-cv-2823 |
| | : | |
| KEVIN RANSOM, *Superintendent*, *SCI* | : | |
| *Dallas*, et al., | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

**CRAIG M. STRAW**                                              **July 23, 2024**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Joel Bevans ("Bevans" or "Petitioner") filed a counseled petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2012 Philadelphia County

conviction. Petitioner is currently incarcerated at State Correctional Institution (SCI) Dallas

located in Dallas, Pennsylvania. For the following reasons, it is recommended that the petition

be **DENIED**.

## I.    FACTUAL AND PROCEDURAL HISTORY

### A.  Trial Court and Post Conviction Relief Act (PCRA) Proceedings

The state court recounted the facts as follows:

> On July 9, 2011, around 1:30 a.m., police officers Culver and
> Rapone were patrolling the Kensington area of Philadelphia in a
> marked police cruiser. At that time, the officers observed a vehicle
> with tinted windows, its taillight out, and a wire dangling from the
> back, which obscured the license plate. Officer Culver then put his
> lights and siren on to signal the car to pull over for motor vehicle
> violations. At that time, the vehicle sped up, made a left turn
> through a red light and then a quick right onto another street. A few
> seconds after, before the vehicle could come to a complete stop, a
> man, later identified as Bevans, jumped out the passenger side of the
> car with a gun in his right hand and ran down the street.

> Officer Rapone left the police car and chased on foot, while Officer Culver pursued Bevans in the police car. After running almost a block, Bevans turned towards Officer Culver in the police car and pointed the gun at him. Officer Culver then fired his gun at Bevans. Bevans sustained a graze wound to his left side and then fell to the ground, dropping the gun. Officer Culver and Rapone then secured the gun and the scene and had Bevans transported to the hospital. Examination of Bevans' firearm revealed an unfired cartridge in the chamber, which created a stoppage in the weapon.

Commonwealth v. Bevans, No. 926 EDA 2013, 2014 WL 109195547, at *1 (Pa. Super. Ct. June 25, 2014) (citations omitted). Philadelphia police officers Christopher Culver and Joseph Rapone, along with Brian Stark, a member of the Crime Scene Unit, and Officer Norman DeFields, an expert ballistician in the Firearms Identification Unit, testified at Bevans's trial. Notes of Testimony (N.T.), 10/10/12, at 15-16, 66-68, 105-06, 156-57, 162. A jury found Bevans guilty of aggravated assault, possession of firearm prohibited, firearms not to be carried without a license, carrying a firearm in public in Philadelphia, and possession of an instrument of a crime.[1] Bevans, 2014 WL 109195547, at *1. On November 29, 2012, Bevans was sentenced to an aggregate term of eighteen to thirty-six years in prison for the various counts. Id.; Docket, Commonwealth v. Bevans, CP-51-CR-0001789-2012, at 4 ("CCP docket").

The trial court denied Bevans's post-trial motion, and counsel appealed the judgment to the Pennsylvania Superior Court. See Bevans, 2014 WL 109195547, at *1; CCP docket, at 10. As relevant here, one issue Bevans raised on appeal was that the evidence was insufficient to support his conviction for aggravated assault. Commonwealth v. Bevans, CP-51-CR-0001789-2012, at 2 (Phila. C.C.P. June 11, 2013). The trial court recommended that the Pennsylvania Superior Court affirm the conviction because the totality of the circumstances supported the

---

[1] The jury found Bevans not guilty of one count attempted murder of a law enforcement officer. N.T., 10/11/12, at 78; Verdict Form, dated October 11, 2012.

jury's conclusion that Bevans attempted to cause serious bodily injury to Officer Culver and took substantial steps to do so.  Id. at 5-6.  The Pennsylvania Superior Court agreed and determined that Bevans's intent to cause serious bodily injury was clear when he "bolted from a moving vehicle in the middle of the night and aimed a loaded gun at a police officer."  Bevans, 2014 WL 109195547, at *1-3.  Moreover, Bevans carried a firearm without a license suggesting an intent to engage in unlawful acts sufficient to demonstrate the required intent to cause serious bodily injury of the aggravated assault charge.  Id. at *2.  Bevans filed a petition for allowance of appeal, which was denied on November 18, 2014.  See Commonwealth v. Bevans, No. 346 EAL (2014), 105 A.3d 45 (Pa. Nov. 18, 2014).

Bevans filed a timely pro se petition under the Post-Conviction Relief Act (PCRA) and a supplement to the petition.  CCP docket, at 12; Commonwealth v. Bevans, No. 1130 EDA 2020, 2021 WL 3281374, at *1 (Pa. Super Ct. Aug. 2, 2021) (table).  The Court appointed PCRA counsel for Petitioner.  CCP docket, at 13.  On May 24, 2018, counsel filed a No Merit letter pursuant to Finley[2] and moved to withdraw.  Commonwealth v. Bevans, November 5, 2020 PCRA Ct. Opin., at 2 ("PCRA Ct. Opin."); CCP docket, at 14.  Bevans then retained private counsel who filed an amended PCRA petition, adding another claim based on a newly discovered witness.  Bevans, 2021 WL 3281374, at *1; PCRA Ct. Opin., at 2; CCP docket, at 15-16.  The PCRA court conducted an evidentiary hearing only regarding a claim of after-discovered evidence.  Bevans, 2021 WL 3281374, at *1; PCRA Ct. Opin., at 2.  After a hearing, the PCRA court dismissed the PCRA petition.  Bevans, 2021 WL 3281374, at *1; PCRA Court dismissal order, entered March 13, 2020.

---

[2] See Commonwealth v. Finley, 550 A.2d 213, 215 (Pa. Super. Ct. 1988).

Counsel appealed the dismissal order. See Bevans, 2021 WL 3281374, *1; CCP docket, at 16. Counsel also moved in Superior Court to withdraw because Bevans had not retained him for purposes of appeal. Bevans, 2021 WL 3281374, at *1 n.2. The Superior Court granted the motion and directed the PCRA court to determine Bevans's eligibility for court-appointed counsel. Id. After a hearing, the PCRA court determined Bevans was not eligible for court appointed counsel. Id. Accordingly, Bevans proceeded pro se, raising several ineffective assistance of trial counsel claims, including the claims in his habeas petition before this Court. CCP docket, at 17; 1925(b) Statement, at 1-2. The PCRA court recommended rejecting the claims and affirming the dismissal order. PCRA Ct. Opin., at *3, *12.

The Pennsylvania Superior Court affirmed the PCRA court's decision in its August 2, 2021 opinion. Bevans, 2021 WL 3281374, at *1, *5. It found that trial counsel was not ineffective for failing to request the lesser-included aggravated assault instructions because the facts established that Bevans attempted to shoot a police officer, demonstrating an intent to cause serious bodily harm, and the gun malfunctioned. Id. at *2. The Court noted the trial judge has no duty to charge a jury on law that does not apply to the presented facts in a case. Id. The Superior Court applied the same reasoning for the simple assault offense because the aggravated assault in this case was directed at a police officer. Id. at *3.

Next, the Superior Court found no merit to Bevans's claim that trial counsel was ineffective for failing to object to certain character evidence of the police officers introduced at trial, specifically Officer Culver's clean record, and that he and Officer Rapone were parents to young children. Id. at *3-4. The Court determined that the evidence Officer Culver had never shot his service weapon was admissible to rebut Bevans's allegation that Officer Culver randomly shot Bevan when he fled, and that any objection would have been overruled. Id.

4

Similarly, the passing reference to the officers' young family was fair to rebut Bevans's characterization of the officers as rogue and alleging they had committed misconduct. Id. at *4. Finally, trial counsel was not ineffective for failing to object to Officer Culver's prior consistent statement during the subsequent investigation of the crime. Id. The Court held even if this claim had merit, Bevans was unable to demonstrate that he suffered any prejudice. Id.

Bevans filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on February 14, 2022. Commonwealth v. Bevans, No. 375 EAL 2021, 2022 WL 441570, (Pa. Feb. 14, 2022).

### B. Federal Habeas Petition

On July 19, 2022, Bevans filed a counseled habeas petition. Bevans asserts claims based on a Due Process violation because he alleges insufficient evidence supported the aggravated assault conviction. Doc. 1, at 5; Doc. 12, at 4-13. Bevans also asserts several ineffective assistance of trial counsel claims. Doc. 1, at 7-14. Bevans asks this Court to compel the state court to vacate the conviction or, alternatively, to hold a new trial. Doc. 1, at 15.

The Commonwealth argues that the evidence presented at trial adequately supports the conviction for aggravated assault. Doc. 15, at 5. Additionally, the Commonwealth asserts the Superior Court's denial of the variety of ineffective assistance of counsel claims was neither contrary to nor an unreasonable application of any clearly established law. Doc. 15, at 10-13. The matter was referred to me for a Report and Recommendation. Doc. 7.

## II.    LEGAL STANDARDS

### A. Habeas Corpus Review

Pursuant to 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only

5

on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The relevant provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provide that when the state courts have already adjudicated the merits of claims raised in a federal habeas petition, the federal court may not grant habeas relief unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2).

An unreasonable application of law occurs when "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000). Pursuant to that clause, "'a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable.'" Hunterson v. DiSabato, 308 F.3d 236, 245 (3d Cir. 2002) (quoting Williams, 529 U.S. at 411). As to the unreasonable determination of the facts clause, § 2254(e)(1) directs the federal court to presume that all determinations of a factual issue made by the state are correct and requires that the petitioner present "clear and convincing evidence" to rebut this presumption. 28 U.S.C. § 2254(e)(1); see Stevens v. Delaware Corr. Ctr., 295 F.3d 361, 368 (3d Cir. 2002) (presumption that state factual findings are correct can only be overcome by clear and convincing evidence to the contrary).

The AEDPA standard is purposely "difficult to meet." Woods v. Donald, 575 U.S. 312, 316 (2015) (citations and quotations omitted). Habeas review exists as "a guard against extreme malfunctions in the state criminal justice system" and is "not a substitute for ordinary error correction through appeal." Harrington v. Richter, 562 U.S. 86, 102-03 (2011) (quoting Jackson v. Va., 443 U.S. 307, 332 n.5 (1979)).

### B. Due Process and Sufficiency of the Evidence

Alleging evidence for a state court conviction was insufficient to support the conviction is a cognizable § 2254 federal habeas claim under the Fourteenth Amendment Due Process clause. See Jackson, 443 U.S. at 321. To establish this type of claim, a petitioner must show "that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. at 321, 324. This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Id. at 324, n.16. "[A] federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court." Coleman v. Johnson, 566 U.S. 650, 651 (2012). Again, the court may overturn a state court decision on habeas review only if the state court decision is objectively unreasonable. See, e.g., Coleman, 566 U.S. at 651 (reversing decision granting habeas relief when rational jury could infer from facts defendant knew co-conspirator was armed with shotgun, intended to kill victim, and helped usher victim into alley way to meet fate, and thus defendant's conviction as accomplice and co-conspirator in murder of victim did not "fall below threshold of bare rationality") (quotations omitted).

In Pennsylvania, a person is guilty of aggravated assault as a first-degree felony if he or she "attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to

7

any of the officers [including police officers] . . . while in the performance of duty." 18 Pa. Cons. Stat. § 2702(a)(2).  Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."  Id. § 2301.  Moreover, an attempt is "when, with intent to commit a specific crime, [a person] does any act which constitutes a substantial step toward the commission of that crime."  Id. § 901(a).  For purposes of § 2702, an attempt requires "a showing of some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury."  Commonwealth v. Matthew, 909 A.2d 1254, 1257 (Pa. 2006) (citation omitted).

### C.  Ineffective Assistance of Counsel Standard

Petitioner must satisfy a two-prong test to show that counsel failed to provide effective assistance of counsel as the Sixth Amendment guarantees.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  A petitioner must demonstrate both that counsel's representation fell below an objective standard of reasonableness, and that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 686-88, 693-94; Harrington, 562 U.S. at 104.

As to the reasonableness prong, a petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Harrington, 562 U.S. at 104.  A strong presumption exists that "counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  Strickland, 466 U.S. at 689 (citation and quotation omitted). The prejudice prong requires that petitioner must demonstrate that "counsel's errors were so

serious as to deprive [the petitioner] of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.  Hence, to establish prejudice a petitioner must show "a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." Id. at 694.

In the case of an ineffective assistance of counsel claim evaluated under a § 2254(d) standard, a "doubly deferential judicial review" applies since the question before a federal court is not whether the state court's determination was correct, but "whether the determination was unreasonable . . . ." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009); see Burt v. Titlow, 571 U.S 12, 15 (2013) (review of ineffectiveness claims is "doubly deferential" and requires federal court to give "both the state court and the defense attorney the benefit of the doubt.").  In other words, "'it is not enough to convince a federal habeas court that, in its independent judgment,' the state court misapplied Strickland." Giggetts v. Clark, No. 21-1817, 2022 WL 2792213, at *2 (quoting Bell v. Cone, 535 U.S. 685, 699 (2002)), approved and adopted, July 15, 2022.  The question is whether any reasonable argument exists that counsel satisfied Strickland's deferential standards. Harrington, 562 U.S. at 105.  Importantly, counsel cannot be deemed ineffective for failing to raise a meritless claim. Preston v. Superintendent Graterford SCI, 902 F.3d 365, 379 (3d Cir. 2018) (quotations and citation omitted).

## III.    DISCUSSION

### A. Petitioner's Due Process Claim

Bevans's first assertion regarding his Due Process claim is that the evidence does not support the Commonwealth's theory that Bevans turned and pointed his firearm at Officer Culver.  Doc. 12, at 6-8.  Essentially, the state court's factual finding that Bevans attempted to

shoot Officer Culver was not reasonable based on the medical evidence in the record.  See, e.g., 28 U.S.C. § 2254(e); Stevens, 295 F.3d at 368-69.

Bevans appears to argue that the medical evidence shows he was shot in the back, not in the side, and Bevans did not point his gun at Officer Culver, but rather was running away.  Doc. 12, at 7-8.  Preliminarily, as the Commonwealth points out, no dispute exists that Bevans was running away during the chase.  See N.T., 10/10/12, at 76, 79, 108.

As Bevans points out, his graze wound is described in places in the record as a "Gunshot wound left flank" and "Gun Shot Wound to Back, Back Laceration."  See Doc. 12, Ex. A, at 8-9.[3]  Even assuming the medical evidence in the record suggests that Bevans was shot in his back rather than his side, this fact does not preclude the finding based on the evidence presented at trial that Bevans aimed a gun at Officer Culver.

Officer Culver described his pursuit of Bevans from his police car as follows:

> A: . . . And that's where the male, about midway through the block, turns and turns the weapon towards my patrol car and that's when I fired one round and shot the male.

N.T., 10/10/12, at 79.  Officer Culver later testified that Bevans while running away turned towards him, blading his body, and pointed the weapon towards the officer:

> Q: [Defendant's attorney] Now, he's running, your perception, like full speed ahead and then he turns towards you; is that right?
> A:  Well, I wouldn't say turn, it was more like he bladed his body, kind of.
> Q:  I'm glad you mentioned that.
> A:  He turned back at towards me.
> Q:  Turns back towards you.  But he's still running, right?
> A:  Yes, sir.

---

[3] Other parts of the record describe the injury as a graze wound to his left side or left shoulder. See Bevans, 2014 WL 10919547, at *2; Bevans, 2021 WL 3281374, at *1.  Lieutenant Steven Nolan also testified Officer Culver suffered an injury to his left side.  See N.T., 10/10/2012, at 64-65.

> Q: Okay.  And in your statement actually it said, [b]laded his body?
> A: Correct.
> Q: Meaning he presented his side to you like the edge of a blade?
> A: It's a slight turn, your body--
> Q: I see.  So what does it mean when you say bladed?  How do you define bladed?
> A: Bladed is when you slightly turn your body.
> Q: Turn your body so--so how was he oriented towards you?
> A: Well, as you seen, he turns his body like this.  So he comes back around and he's running, he slowly runs, or quickly turns, back like this (indicating).  And as soon as--I'm not going to sit there and wait for him to point the gun directly at me, sir.  I don't -- I mean, the gun is pointed at me and I fired . . . .

N.T., 10/10/12, at 96-97.

The fact that Bevans was struck in the back or side is not inconsistent, as Bevans argues, with Officer Culver's testimony.  Officer Culver stated that Bevans, while running away, turned his body and pointed his weapon in the direction of Officer Culver.  From the evidence presented, it was not unreasonable to find that Bevans, while running away, bladed his body toward Officer Culver and pointed his weapon at Officer Culver at which point Officer Culver shot at Bevans, grazing him either in the back or side area.  Id.  As a result, Bevans has not demonstrated the state court's decision regarding the sufficiency of this evidence was "objectively unreasonable."  See Jackson, 443 U.S. at 324; Stevens, 295 F.3d at 368-69.  Hence, this claim fails.

Relatedly, Bevans asserts the evidence is insufficient to support the aggravated assault conviction because Officer Culver admitted that Bevans did not point the firearm directly at him. Doc. 12, at 10-11.  This is incorrect.  Officer Culver testified on several occasions throughout the trial that Bevans pointed the gun directly at him.  See N.T., 10/10/12, at 79, 82, 84, 98, 101. Although in one instance Bevans's counsel asked Officer Culver about the events leading up to the shooting and Officer Culver was less definitive that the gun was pointed directly at him,

11

plenty of other testimony from Officer Culver supported that Bevans had pointed the gun directly at him.  Compare N.T., 10/10/12, at 97 with N.T., 10/10/12, at 79, 82, 84, 98, 101.  Therefore, the state court's finding that Bevans had the requisite intent to cause serious bodily harm was not objectively unreasonable under the facts of this case.  See Coleman, 566 U.S. at 561; 18 Pa. Cons. Stat. § 2301; Matthew, 909 A.2d at 1257.

Finally, Bevans alleges that the jury only speculated that Bevans attempted to fire the gun, which was insufficient to establish an attempt to cause serious bodily injury as required for an aggravated assault charge.  Doc. 12, at 11-13.  Again, this claim lacks merit.  As the state court found, a factfinder is justified in assigning intention to an action when the intention is suggested by the conduct, including finding intent to cause serious bodily harm when a person points a loaded gun at a person, as Bevans did here.  Bevans, 2014 WL 109195547, at *2 (citing Matthew, 909 A.2d at 1259; Commonwealth v. Hall, 830 A.2d at 537, 543 (Pa. 2003)).  The testimony that Bevans pointed the gun is sufficient evidence alone to support the aggravated assault conviction.

Officer DeFields and Officer Stark also offered sufficient evidence at trial from which a rational trier of fact could derive that Bevans did, in fact, pull the trigger.  For example, when the gun was recovered and tested after the shooting incident, it was found to be operable and loaded with the external safety valve off and contained gun residue, indicating that the gun had been fired.  N.T., 10/10/12, at 30, 34, 36, 178-79, 184-86.  An unfired cartridge was jammed in the chamber.  Id. at 30; 34.  Moreover, a cartridge recovered from the crime scene had a dent in it, indicating that something with force struck it.  Id. at 36, 182-83.  Officer DeFields also testified about the stoppage in this particular gun.  Id. at 187-89.  While he did not know the exact cause, he stated a stoppage is usually a result of operator error and can be caused if a user fires the gun

but holds it improperly or shoots a gun while moving.  Id.  Based on this evidence, a jury could have inferred that Bevans actually pulled the trigger.  Therefore, Bevans's last Due Process claim should be rejected.

### B.  Petitioner's Ineffective Assistance of Trial Counsel Claims

Petitioner's remaining claims focus on the ineffectiveness of trial counsel.  Bevans alleges trial counsel was ineffective in several ways.[4]

First, Bevans asserts trial counsel was ineffective for failing to request lesser included aggravated assault offense instructions for the jury, namely an instruction for aggravated assault by attempting to cause simple bodily injury or simple assault.  Doc. 1, at 7; see also PCRA Court Opin., at 5-8.  The Pennsylvania Superior Court agreed with the PCRA Court and rightfully found no error because the lesser included instructions did not apply to the facts of this case, which established Bevans attempted to shoot a police officer, and the gun malfunctioned.  See Bevans, 2021 WL 3281374, at *2; see also Commonwealth v. Ferrari, 593 A.2d 846, 849 (Pa. Super. Ct. 1991) (quotations and citations omitted) (stating defendant is entitled to instruction on lesser included offense only when jury could rationally find defendant guilty of lesser offense but not greater offense).  The lesser crimes do not require an assault on a protected group, here, police officers, or do not include a serious bodily injury element.  Therefore, the instructions do not apply here and did not have to be presented to the jury.[5]  Bevans cannot demonstrate any

---

[4] Habeas counsel for Bevans does not address in any detail the ineffective assistance of trial counsel claims in his memorandum of law.  Even so, counsel represents that he is not abandoning such claims "but believes that they have been adequately addressing his filings thus far" and stated he would file additional briefing, if directed.  Doc. 12, at 1 n.1.  Counsel discusses his ineffective assistance claims in the counseled habeas petition in a cursory manner, listing the claims without including any supporting argument.  Doc. 1, at 7-15.  This Court similarly discusses these meritless claims only briefly.

[5] Section 2702(a)(3) is a second-degree felony and involves intentionally knowingly causing bodily injury to an officer in the performance of duty.  See 18 Pa. Cons. Stat. § 2702(a)(3),

prejudice for failure to include these instructions, and trial counsel was not ineffective for failing to request them.  See Strickland, 466 U.S. at 687, 694; Werts, 228 F.3d at 202 (counsel is not ineffective for failing to raise meritless claim).  Therefore, the Pennsylvania Superior Court's interpretation of the law was reasonable on this claim, and Bevans's claim should be rejected. See Knowles, 556 U.S. at 123.

Second, Bevans alleges trial counsel was ineffective for failing to object to testimony regarding the police officers' good character and performance records, and that Officers Culver and Rapone had young families.  Doc. 1, at 9.  The Pennsylvania Superior Court found evidence that Officer Culver had never fired his service weapon, and he was permitted to use the evidence regarding his clean record to rebut Bevans's allegations that Officer Culver randomly shot Bevans as he fled.  Bevans, 2021 WL 3281374, at *3; N.T., 10/10/12, at 104; see Commonwealth v. Philistin, 53 A.3d 1, 13 (Pa. 2012) (citations omitted) (stating evidence of victim's nature can be permitted into evidence to explain actions of victim and support theory of case).  The Superior Court also determined the passing references to the young families of Officer Culver and Rapone were fair to rebut Bevans's characterization of the officers as rogue or suggesting they committed misconduct.  Bevans, 2021 WL 3281374, at *4; N.T., 10/10/12, at 101-02; N.T., 10/11/12, at 18-20.  The Superior Court's interpretation of the law was once again reasonable, and Bevans's claim should be rejected.

Finally, Bevans argues that Officer Culver's prior statement to Lieutenant Nolan contained prejudicial, irrelevant, and hearsay information, and trial counsel failed to object to introducing the statement on those grounds.  Doc. 1, at 10.  However, as the Superior Court

---

2702(b).  Simple assault is defined as attempting to cause, knowingly or recklessly causing bodily injury to another.  See 18 Pa. Cons. Stat. § 2702(a)(1).

mentioned in its opinion, the jury only knew that at some point Officer Culver made a statement to an investigator, but the jury never heard the substance of the statement, even though the statement was introduced into evidence.  See PCRA Ct. Opin., at 11-12; Bevans, 2021 WL 3281374, at *4; see also N.T., 10/10/12, at 58-59, 91-92.  Nor did the Commonwealth suggest the statement was consistent with Officer Culver's trial testimony and it was not mentioned during closing argument.  Thus, the statement was neither prejudicial, irrelevant, or hearsay nor could it have affected the verdict.  See Werts, 228 F.3d. at 203.  Accordingly, the Superior Court reasonably found that the statement was not introduced in violation of Pa. R. Evid. 613(c) and Bevans failed to establish prejudice from the statement as Strickland requires.  See Bevans, 2021 WL 3281374, at *4.  For these reasons, Bevans's final claim fails.

## IV.    CERTIFICATE OF APPEALABILITY

Generally, a certificate of appealability will only issue "if an applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  If a district court rejects constitutional claims on the merits, a petitioner must "show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 332, 336 (2003) (internal quotations and citations omitted).  In this case, I submit that jurists of reason would not find that the Court's disposition of the case should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  Accordingly, I recommend that a certificate of appealability should not issue in this case.

15

## V.    <u>CONCLUSION</u>

The evidence presented in trial court was sufficient to support Bevans's aggravated assault conviction.  Additionally, Bevans has not shown that trial counsel was ineffective for the reasons he alleges.  Because Bevans cannot demonstrate he is entitled to habeas relief, I recommend that the petition be denied with prejudice.  My recommendation is set forth below.

**RECOMMENDATION**

AND NOW, on this 23rd day of July 2024, it is respectfully recommended that the petition for writ of habeas corpus (Doc. 1) is **DENIED** with prejudice.  It is further recommended that there is no probable cause to issue a certificate of appealability.  Petitioner may file objections to this Report and Recommendation within fourteen days after being served with a copy.  See generally E.D. Pa. Local Rule Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.  See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

/s/ Craig M. Straw
CRAIG M. STRAW
U.S. Magistrate Judge

17