IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL BEVANS, | : | |
|     Petitioner, | : | CIVIL ACTION |
| | : | No. 22-2823 |
| v. | : | |
| | : | |
| KEVIN RANSOM, et al., | : | |
|     Respondents. | : | |

**EXPLANATION AND ORDER**

On July 23, 2024, Magistrate Judge Craig M. Straw filed a Report and Recommendation ("R&R") concerning this counseled petition for a writ of habeas corpus. ECF No. 16. He recommends that I deny relief to Petitioner Joel Bevans because the state courts' adjudications of the claims Bevans raises here were not unreasonable applications of federal constitutional law. *See* 28 U.S.C. § 2254(d). On August 5, 2024, Bevans filed objections to the R&R's analysis of the sufficiency of the evidence claim (Ground One) and one of the claims he brings asserting ineffective assistance of counsel (Ground Three). ECF No. 17. For the reasons set out below, Bevans's objections are overruled.

**Ground One:** Bevans was convicted of aggravated assault of a police officer through an attempt to cause serious bodily injury, a violation of 18 Pa. Cons. Stat. § 2702(a)(2). He committed this offense against Philadelphia Police Officer Christopher Culver after Culver and his partner attempted to stop the car in

1

which Bevans was traveling. Bevans emerged from that car, displaying a gun in his right hand, and ran away from the pursuing police car. He was alleged to have turned back, pointed his gun at Officer Culver in the vehicle, and attempted to file, although no bullet emerged. The episode concluded with Officer Culver firing once upon Bevans, striking him in the left back or flank area.

At trial, defense counsel suggested the officers' account of Bevans's apparent attempt to shoot at Officer Culver was fabricated to justify an otherwise excessive use of force by Culver. The defense pointed to the fact that, although Officer Culver testified that he was prompted to fire when Bevans turned back and pointed his gun at him, Bevans was struck by Officer Culver's bullet in a part of the body that would not have been exposed had Bevans still been positioned as the officers described.

This view of the factual record undergirds Bevans's objection here as well. He contends that "[t]he Magistrate's [R&R] overlooks the glaringly inconsistent and inescapable fact that the police in this case shot Mr. Bevans in his back," and that, "[c]ontrary to the Magistrate's conclusion, this cannot be reconciled with the story that the Commonwealth's witnesses told at trial." Objs. at 1. But this objection misjudges the legal significance of that evidence.

A petitioner alleging that he was convicted without sufficient evidence, and thus in violation of due process of law, must establish, "with explicit reference to

the substantive elements of the criminal offense as defined by state law," that with "the record evidence adduced at the trial[,] no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 321, 324 n.16 (1979). Here, the jury's conviction of aggravated assault under 18 Pa. Cons. Stat. § 2702(a)(2) required it to find that: Officer Culver was engaged in his duty as a police officer; Bevans attempted to cause serious bodily injury to him, that is, took "a substantial step" towards either creating a substantial risk of death or of causing serious permanent disfigurement or protracted impairment of bodily function; and Bevans's conduct was intentional. 18 Pa. Const. Stat. §§ 2702(a)(2), 2301, 901(a).

The Commonwealth presented witness testimony and physical evidence from which a jury could make the requisite findings. Officer Culver described Bevans "slightly" turning around and pointing his gun at him while he was in pursuit in his marked patrol car. Bevans's gun was found to be fully loaded, with the safety off, and an unfired cartridge jammed in the chamber. An expert ballistician testified that the jam, which could have resulted from someone attempting to fire the gun while holding it improperly or while moving, prevented the gun from firing when the expert later attempted to test-fire it. *See* R&R at 12-13 (citing trial testimony). This evidence permitted the jury to infer that Bevans not only aimed the loaded gun at Officer Culver as he was running away from him

but attempted to fire it, manifesting his intent to harm the officer. The jury thus heard evidence sufficient to support each element of this aggravated assault charge.

Bevans's objection does not undermine the R&R's analysis of this due process claim. Because the state court's rejection of this claim on direct review did not involve an unreasonable application of *Jackson,* habeas relief is not available on Ground One.

**Grounds Two, Three, and Four:** Bevans also objects to the R&R's analysis of his ineffectiveness claims, which comprise the remainder of his petition. He provides no additional argument as to Grounds Two and Four but instead "rests on his prior submissions[.]" Objs. at 5. Upon review of the papers and the state court decisions, I agree with Judge Straw that the claims asserted in Grounds Two and Four were reasonably rejected on collateral review. The state court did not unreasonably apply any Sixth Amendment precedents of the United States Supreme Court.

In Ground Three, Bevans asserted that trial counsel rendered ineffective assistance when he failed to object to testimony that Officer Culver had young children and had not been involved in any other police shootings over the course of his career. In his objection, Bevans complains that the R&R erroneously stated that this evidence was admitted pursuant to Pennsylvania law. Objs. at 5. He argues that such evidence is generally inadmissible under Pennsylvania Rule of

4

Evidence 404; that there was no other basis in the state rules to admit favorable character evidence concerning Officer Culver; and that he suffered prejudice where this evidence allowed the Commonwealth to "inappropriately bolster its witness's highly questionable testimony" that he fired on Bevans when Bevans was pointing a gun at him. Objs. at 5-6.

Bevans has not impeached the R&R's analysis of this claim. As explained in the R&R and the state court decisions on collateral review, the defense opened the door to the character of Officer Culver as it attempted to flip the narrative of which of the two men acted unlawfully and suggested that Officer Culver was motivated to give a false account of the encounter. As early as its opening statement, the defense suggested to the jury that the Commonwealth's account, which came only from police officers, conflicted with the physical evidence that would be introduced. N.T. 10/9/2012 at 39-40. Given this context, the state court explained, the Commonwealth was allowed to rebut the suggestion that Officer Culver would shoot a suspect without justification and that he and his partner would then risk their careers by lying about the circumstances of the shooting. With the state court finding that no objection would have been warranted under state evidentiary rules, the R&R correctly determined that Bevans had not established that trial counsel performed in a constitutionally-deficient manner. The state court's rejection of this claim was not an unreasonable application of

*Strickland v. Washington*, 466 U.S. 668 (1984).

Bevans is not entitled to habeas relief on any of his claims. And as he has not made a substantial showing of the denial of a constitutional right, there is no basis to issue a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 332 (2003).

## ORDER

**AND NOW**, this 10th day of March, 2025, upon consideration of the counseled petition and supporting memorandum of law, the Commonwealth's response, and the state court record, it is **ORDERED** that:

1. Petitioner Joel Bevans' Objections to the Report and Recommendation of the Hon. Craig M. Straw's (ECF No. 17) are **OVERRULED**;

2. The recommendation of the R&R (ECF No. 16) is **ADOPTED**; and

3. The Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

A certificate of appealability under 28 U.S.C. § 2253(c)(2) is not warranted. The Clerk is directed to mark this case closed.

                                                  ____s/ANITA B. BRODY, J._____
                                                  ANITA B. BRODY, J.